IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 4:15CR3039 |
| vs. | |
| DAVID PEREZ-RAYA, | ORDER |
| Defendant. | |

A Superseding Indictment was filed against Defendant Perez-Raya on May 18, 2016. Upon review of the superseding indictment, Defendant's prior appointed counsel discovered a conflict of interest and moved to withdraw. As such, from May 18, 2016 until new counsel entered an appearance, Defendant was not represented by counsel who could, within the bounds of the ethical rules, prepare this case and represent Defendant's interests. The motion to withdraw was filed on May 23, 2016 and granted the following day. New counsel was appointed, and he entered his appearance on May 25, 2016.

To accommodate Defendant's work schedule, and permit his new counsel to review the case, Defendant (by and through his prior counsel) requested that his initial appearance be delayed until June 10, 2016. Defendant now moves to continue the initial appearance to June 21, 2016 because, as a resident of Arizona, he has not had sufficient time to meet with his new attorney, discuss entering a plea of guilty, and arrange for travel to Lincoln, Nebraska. (Filing No. 39). The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds the motion should be granted. Accordingly,

IT IS ORDERED:

1) Defendant's motion to continue, (filing no. 39), is granted.

2) Defendant's initial appearance on the superseding indictment is continued to June 21, 2016.

3) The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and

a. The additional time between May 18, 2016 (the day the conflict of interest arose for representation by Defendant's prior counsel) and June 21, 2016 (the newly scheduled initial appearance on the superseding indictment) shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1), (h)(6) & (h)(7).

b. Failing to timely file an objection to this order as provided in the local rules of this court will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

June 9, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge